UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSBEL ABIN-DIAZ (A# 097-778-271)<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondents. | No. 1:26-cv-07203 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On September 16, 2026, District Judge Drozd issued an order relating this case to Petitioner's other immigration habeas action pending in this district, Abin-Diaz v. Warden, Central Valley Annex, No. 1:26-cv-07300 DAD SCR (E.D. Cal.) ("Abin-Diaz II"). ECF No. 7. On the same date, Respondent filed a motion to dismiss this action to allow Abin-Diaz II to proceed. ECF No. 8. Respondent argued that dismissal of this action is appropriate because the two cases involve the same parties and issues and Abin-Diaz II, despite being the later-filed case, was further along towards a resolution. Id. at 1. The undersigned agrees with Respondent allowing Abin-Diaz II to proceed best serves the interests of judicial economy and recommends that this action be dismissed as duplicative of that action.

"It is well established that a district court has broad discretion to control its own docket,

and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007), overruled in part on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. (citation omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). Regarding the causes of action and relief sought, both petitions challenge Petitioner's allegedly indefinite post-removal detention under the Due Process Clause of the Fifth Amendment and Zadvydas v. Davis, 533 U.S. 678 (2001). Thus, the first requirement is met. The second requirement asks whether the respondents are the "same or in privity." Adams, 487 F.3d at 691. This requirement is met because the Respondent in both actions is the Warden of the Central Valley Annex.

Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, given that Abin-Diaz II is fully briefed and significantly further along the path to resolution than this case, construing that later-filed petition as a motion to amend would serve no purpose. Accordingly, the instant petition for writ of habeas corpus should be dismissed as duplicative of the petition filed in Abin-Diaz II.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed without

prejudice as duplicative of Abin-Diaz v. Warden, Central Valley Annex, No. 1:26-cv-07300 DAD SCR (E.D. Cal.).

3. Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE